IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED FINANCIAL CAS. CO.,

        Plaintiff,

v.                                                 No. CV 12-0893 MV/WPL

IRON HORSE TESTING
AND SERVICES, LLC, et al.,

        Defendants.

## ORDER GRANTING MOTION FOR
## WITHDRAWAL OF DEFENDANTS' COUNSEL

This matter is before me on Albuquerque Business Law, P.C.'s motion to withdraw as counsel of record for Defendants Iron Horse Testing and Services, Inc. ("Iron Horse") and Mark Eldridge (collectively "Employer Defendants"). (Doc. 39). Employer Defendants and Plaintiff United Financial Casualty Company do not oppose the motion. (Doc. 39; Doc. 45.) Defendants Martin Martinez, Samantha Christian, Joseph Noack, and Esperanza Lopez ("Employee Defendants") initially opposed the motion to withdraw (Doc. 38) but have indicated in their response that they will not oppose defense counsel's withdrawal after certain conditions have been met (Doc. 43 at 2). Having considered the facts and the relevant law, I grant the motion to withdraw.

This case first came before me for a scheduling conference on March 5, 2013. (Doc. 33.) The parties informed me at that time that there were multiple proceedings related to the matter, including a Workers' Compensation proceeding and a state court action. (*Id*. at 1.) I suggested that the parties seek a stay in state court pending the resolution of the Worker's Compensation

proceeding, and I agreed to give the parties an opportunity to consider staying the present case as well.

I set a status conference for April 4, 2013, and at the conference, counsel for Employer Defendants informed me that they planned on filing a declaratory judgment action in state court against their workers' compensation insurer, New Mexico Mutual, for a determination of coverage. (Doc. 35; Doc. 39 at 1.) Employer Defendants wished to stay this action pending the outcome of the declaratory judgment action. (Doc. 39 at 1.)

Counsel for Employer Defendants proceeded to prepare for the declaratory judgment action, but before they could file in state court, they learned that their clients were unable to proceed. (Doc. 38.) As a result of the underlying automobile accident at issue in this lawsuit, Iron Horse has ceased operations, and Eldridge has moved out-of-state due to financial difficulty and threats of violence against his family. (Doc. 39 at 2.)

I held a status conference on May 6, 2013, to discuss the matter of the stay, and at that time, counsel for Employer Defendants informed me that their clients are without resources to continue their defense in this action and that their counsel would have to withdraw from this case. (Doc. 38.) Employer Defendants were still willing to assist Employee Defendants in their defense. (*Id.*; Doc. 39 at 3.) Counsel for Employee Defendants voiced opposition during the status conference, arguing that Employer Defendants should still pursue the declaratory judgment action. (Doc. 38 at 1.)

On May 16, 2013, a day before the instant motion was filed, New Mexico Mutual filed a declaratory judgment action against Employer Defendants and others in state court. (Doc. 43 at 2.) Counsel for Employer Defendants informed counsel for New Mexico Mutual that he could not accept service for Employer Defendants, and New Mexico Mutual was provided the contact

information for Employer Defendants. (*Id*.) Employee Defendant's response in opposition to the motion to withdraw indicates that they do not actually oppose the motion to withdraw, but they wish for two things to occur before the Court grants the motion: (1) Employer Defendants are served in the declaratory judgment action, and (2) all counsel agree to stay this case. (*Id*.)

Since there is no reason to believe that Employer Defendants will not be served or that they will not consent to a stay in this case, I do not see a reason as to why I should wait to grant the motion to withdraw. Moreover, Employee Defendants have not provided me with a reason. Accordingly, I grant the motion to withdraw. (Doc. 38.)

Iron Horse is hereby notified that it can appear only with a new attorney, and absent entry of appearance by a new attorney, any findings on behalf of Iron Horse will be stricken and a default judgment or other sanctions may be imposed.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge